# COMMONWEALTH OF KENTUCKY
# MADISON COUNTY CIRCUIT COURT
# CASE NO. _____

| | |
|---|---|
| TERESA WALKER<br>114 Reedy St<br>Chester, SC 29706 | PLAINTIFF |
| v. | |
| WAL-MART STORES, INC.;<br>    Serve: CT Corporation System<br>          306 West Main Street, Suite 512<br>          Frankfort, KY 40601 | DEFENDANTS |
| and | |
| WAL-MART STORES EAST, LP;<br>    Serve: CT Corporation System<br>           306 West Main Street, Suite 512<br>          Frankfort, KY 40601 | |

## COMPLAINT

COMES NOW the Plaintiff, Teresa Walker, by counsel, and after being duly cautioned and sworn, states for her Complaint against Defendants as follows:

1. Plaintiff, Teresa Walker, is a resident and citizen of Chester County, South Carolina, and resides at 114 Reedy St, Chester, South Carolina 29706.

2. The Defendant, Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter #719 (hereinafter referred to as "Wal-Mart, Inc."), is and was at all times relevant believed to be a foreign corporation authorized to conduct business in the Commonwealth of Kentucky, whose principal home office is located at 702 SW 8th St. MS #0555, Bentonville, Arkansas 72716; and whose agent for the receipt of service of process is believed to be CT Corporation System, 306 W. Main St., Suite 512, Frankfort, Kentucky 40601. The Defendant, Wal-Mart, Inc., is believed to be



a business associate or owner of the Richmond Wal-Mart Supercenter #719 located at 820 Eastern Bypass, Richmond, Madison County, Kentucky, 40475, where Plaintiff's injury occurred. Based upon information and belief, Wal-Mart, Inc. owns, operates, leases, manages, stocks, controls, or maintains the premises referred to herein where Plaintiff sustained her injuries.

3. The Defendant, Wal-Mart Store East, Limited Partnership d/b/a Richmond Wal-Mart Supercenter #719 (Hereinafter referred to as "Wal-Mart, LP"), is and was at all times relevant a foreign corporation authorized to conduct business in the Commonwealth of Kentucky, with its principal office located at 702 SW 8th St. MS #0555, Bentonville, Arkansas 72716; and whose agent for the receipt of service of process is believed to be CT Corporation System, 306 W. Main St., Suite 512, Frankfort, Kentucky 40601. The Defendant, Wal-Mart, LP, is believed to be the owner of the national retail chain Wl-Mart and thereby having supervision and control over the Richmond Wal-Mart Supercenter Store #719 located at 820 Eastern Bypass, Richmond, Madison County, Kentucky, 40475, where the injury occurred.

4. Defendants Wal-Mart, Inc. and Wal-Mart, LP, shall be collectively referred to as "Wal-Mart."

## JURISDICTION

5. The Madison Circuit Court has jurisdiction over this matter, pursuant to KRS 23A.010 as the amount in controversy exceeds the jurisdiction minimum.

6. Venue is proper in Madison Circuit Court because the acts, omissions, and injuries alleged herein occurred within the boundaries of Madison County, Kentucky within a facility owned and operated by the Defendants, Wal-Mart, Inc. and Wal-Mart, LP.

## FACTUAL BACKGROUND

7. Plaintiff fully incorporates all of the allegations and statements made in the preceding paragraphs as if fully restated herein.

8. On April 22, 2022, Plaintiff was an invitee transacting business at the Wal-Mart, Inc. located at 820 Eastern Bypass, Richmond, Madison County, Kentucky, 40475.

9. While transacting business inside the Wal-Mart, the Plaintiff was walking down the main aisle toward the pharmacy when an end-cap shelving structure fell onto her left side, causing her entire hand to go numb and cutting the back of her arm.

10. The incident resulted in Plaintiff sustaining personal injuries including, but not limited to, numbness in her pinky finger, radiating pain from the shoulder into the fingertips, bulging discs in the spine, and headaches.

11. As a result of the above injuries, Plaintiff has incurred reasonable and necessary medical expenses and other related expenses, and will in the future incur reasonable and necessary medical expenses and other related expenses.

## COUNT I - NEGLIGENCE

12. Plaintiff incorporates all of the allegations and statements made in the preceding paragraphs as if fully restated herein.

13. Wal-Mart had a non-delegable duty to own, maintain, inspect, lease, and operate the Wal-Mart Store #719 in a reasonable safe manner, including remedying and/or warning of any unsafe conditions. Wal-Mart breached this duty by its failure to maintain, inspect, lease, and operate the Wal-Mart Store #719 in a reasonably safe manner and its failure to remedy and/or warn business invitees of the unsafe condition. This breach constitutes negligence and/or negligence per se.

14. Wal-Mart had a non-delegable duty to inspect and maintain the Wal-Mart Store #719 in a reasonably safe manner and to abide by all codes, rules, statutes, and regulations pertaining to safe premises. Wal-Mart breached this duty through its failure to inspect and maintain the Wal-Mart Store #719 in a safe manner and in compliance all codes, rules, statutes, and regulations pertaining to safe premises. This breach constitutes negligence and/or negligence per se.

15. Wal-Mart failed to exercise reasonable care to discover dangerous or hazardous conditions on the premises that created an unreasonable risk of harm to business invitees, including Plaintiff, and/or protect against dangers present on the premises in which Wal-Mart knew or should have known. This failure included, but was not limited to, the following:

   a. Failure to properly inspect and maintain the particular area of the store that resulted in Plaintiff's injuries.

   b. Failure to properly warn Plaintiff of the loose end-cap shelf that created an unreasonably dangerous condition.

16. As a direct and proximate result of the negligence of Wal-Mart Plaintiff sustained injuries to her arm, neck, shoulder, and head causing physical pain and has incurred medical expenses which may grow in the future due to her injuries.

17. Wal-Mart should have expected that Plaintiff would not have discovered or realized the danger presented by the shelf.

18. As a direct and proximate result of the negligence of the Wal-Mart, the Plaintiff has incurred damages in an amount which exceed the jurisdictional minimum requirements of this Court.

## COUNT II – PREMISES LIABILITY

19. Plaintiff incorporates all of the allegations and statements made in the preceding paragraphs as if fully stated herein.

20. Wal-Mart had a duty to have available, sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a reasonably safe condition for Plaintiff, free from defects and conditions rendering it unsafe.

21. It was the duty of Wal-Mart to warn Plaintiff of any dangerous and unsafe conditions existing on its premises.

22. Wal-Mart's negligence caused Plaintiff's injuries were due to its failure to utilize reasonable care in the design, planning, construction, maintenance and inspection of its premises.

## COUNT III – NEGLIGENT HIRING, TRAINING, RETENTION

23. Plaintiff incorporates all of the allegations and statements made in the preceding paragraphs as if fully restated herein.

24. Wal-Mart had a duty to use reasonable care in selection of its employees.

25. Wal-Mart had further duty to properly train and supervise its employees with respect to the operation and duties those employees were required to perform for Wal-Mart.

26. Wal-Mart had a further duty to retain only competent, qualified, and safe employees.

27. Wal-Mart breached those duties by failing to establish policies and procedures when a shelf collapses on Wal-Mart's property, or in the alternative, failing to enforce its policies and procedures related to safety which resulted in the injury suffered by the Plaintiff on the premises of Wal-Mart after being struck by the falling shelf set up on the premises.

28. As a direct and proximate result of the aforesaid negligence and recklessness of the Defendant, Plaintiff has suffered serious permanent injuries, has suffered in the past, and will suffer in the future, pain and suffering, both mental and physical—in an amount to be later determined.

WHEREFORE, the Plaintiff respectfully demands:

1. For all compensatory damages including healthcare costs both past and future, pain and suffering both past and future, consequential damages, and all other amounts which will fairly and reasonably compensate her for the damages incurred as a result of Wal-Mart's negligence in an amount as established by the evidence;

2. Her costs and reasonable attorney's fees expended herein;

3. All pre-judgment and post-judgment interest available under law on the above sums from the date of the Plaintiff's injuries until paid;

4. Jury Trial;

5. Any and all other equitable relief as justified by the facts and available under Kentucky law.

Respectfully Submitted,

*/s/ Nick Thompson*
Nick Thompson (99750)
Brian Jasper (94428)
THOMAS LAW OFFICES, PLLC
9418 Norton Commons Blvd, #200
Prospect, KY 40059
P: 502-466-2637
Nick.thompson@thomaslawoffices.com
Brian.jasper@thomaslawoffices.com